[Crim. No. 14626.   Second Dist., Div. One.   Aug. 2, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. FELIX MACKSON, Defendant and Appellant.

Joseph Amato, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Thomas E. Warriner, Deputy Attorney General, for Plaintiff and Respondent.

FOURT, J.—This is an appeal from an order of commitment as an alleged narcotics addict.

Defendant came to the Los Angeles Police Department and said, "I want to commit myself to the narcotic hospital. Yesterday I called Deputy D. A. Thale and he suggested that I turn myself in to the LAPD. I've been using heroin since 1944. I had my last fix yesterday. I fixed about a ½ a cap. I have been fixing here in my left arm. Those marks on my right arm are old. I haven't fixed there in a long time. . . ." The police examined defendant's arms and found on his left arm approximately ten marks, which appeared to be needle marks, ranging in age from 10 to 15 days. Defendant was booked and advised of his constitutional rights. The pupils of defendant's eyes indicated that he was a user of heroin.

Dr. Lavelle, a licensed physician, examined defendant and formed the opinion and determined that defendant was addicted to the use of narcotics or by reason of repeated use of narcotics was in imminent danger of becoming addicted and unless confined was likely to injure himself or others or to become a menace to the public. The doctor's opinion was based in part upon defendant's history which indicated that he was a patient in the facility in 1966, that he was in Patton in 1950 for narcotic withdrawal purposes, that presently defendant had moderately severe narcotic withdrawal, that defendant admitted to being a user and wanted help to break the habit. Defendant was then served with a detention order pursuant to the provisions of the law.

Defendant did on the date of the hearing sign a waiver of rights and notices in the proceedings. That document contained the following:

"10. That in the event that the Judge in Department 95 makes a finding at the Summary Hearing that I am addicted to narcotics or am in imminent danger of becoming addicted, and orders my commitment to the Director of Correction for placement at the California Rehabilitation Center, and in the event that I am dissatisfied with the order of the Court, that I may within 10 days after the making of such order demand that the question of my addiction to narcotics be tried by a judge or by a jury in the Superior Court of this County, and that that trial will be set not less than 5 nor more than 10 days from the date of the demand for a court or jury trial."

The statement further set forth that defendant had discussed with his counsel the entire proceedings and the advisability and ramifications of his waiving his rights, and that such counsel concurred in his decision to make the waiver. Further, that defendant freely and voluntarily made the waiver and understood and comprehended what he was doing. His counsel also signed the statement and stated in effect that he was satisfied that defendant understood what he was doing, that defendant desired voluntary submission to commitment and that it was to the best interests of defendant to join in the waiver.

Dr. Tweed, a licensed physician, stated that he was a medical examiner in the court of Los Angeles, that he had examined defendant and defendant had told him that he, defendant, was addicted to the use of narcotics and that he, the doctor, verified the stated conditions of addiction on the basis of the physical condition of defendant and the history of

recent and repeated use and the finding of present physical signs of addiction. It was the opinion of the doctor that defendant was addicted to the use of narcotics or in danger of becoming so addicted and he recommended commitment for placement at the California Rehabilitation Center in Corona.

The cause was heard in court on April 25, 1967, and the proceedings were explained by the court to defendant. The judge said; "All right, do you waive your rights to any further notices of any kind?" and defendant answered; "Everything." Defendant signed the waiver heretofore set forth in part. Defendant was then committed to the California Rehabilitation Center. Defendant filed a notice of appeal in October 1967.

Appellant now asserts that he was not advised of his right to a jury trial on the issue of addiction to narcotics and further that he did not knowingly waive his rights to a hearing on the issue. There is no merit to appellant's assertions.

The record recites as follows:

". . . The only thing that we are doing today is if you want to waive your rights to this hearing, I would commit you today out to the California Rehabilitation Narcotics Treatment Center, out at Corona, and the average length of stay out there is approximately 14 months, they tell me.

"The purpose is to try to help you with your habit.

"Now, you have a right to be notified of a doctors' examination, and you have a right to a hearing with those doctors here.

"Now, you can waive those rights if you want to. I am not urging you to do it one way or another, but if you do waive those rights to a hearing, I will send you out to that Rehabilitation Center right away.

". . . . . . . . . . . .

"THE COURT: Do you want to go there or not?

"MR. MACKSON: Well, if that's what I got to do, I'll go.

"THE COURT: All right, do you waive, your rights to any further notices of any kind?

"MR. MACKSON: Everything."

Section 3108 of Welfare and Institutions Code provided, at the time with which we are concerned, that if the person committed or any friend in his behalf was dissatisfied with the order of the court, he could then demand a hearing by judge or jury if requested within ten days of the finding. No request was made by appellant in this case. He was represented by counsel at all stages of the proceeding and appel-

lant consulted with his counsel with reference to his rights and the ramifications of the proceedings. In this connection it is noted that section 3107 (amended 1967) of the Welfare and Institutions Code provides that: "§ 3107. Hearing may be waived by consent of the person, . . . expressed in open court or in writing by the person . . . *after the arraignment required by Section 3104 and after consultation with counsel.*" This is substantially what was done in this case. The rights of appellant were fully protected. (See *In re Cruz*, 62 Cal.2d 307, 313 [42 Cal.Rptr. 220, 398 P.2d 412].)

As the court said in *Cruz*, there is no reason why this informed and limited waiver should not be given effect—that it permits the start of treatment and rehabilitation to be expedited in uncontested commitment cases and conserves time and effort of the parties and the judiciary.

The fact that appellant apparently changed his mind some five months later is of no moment under the circumstances.

The order of commitment is affirmed.

Wood, P. J., and Lillie, J., concurred.